

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ARTIS LEON POLK JR., §
　　　　　　　　　　　　　　 §
　　　　　Petitioner, §
　　　　　　　　　　　　　　 §
v. § No. 4:17-CV-519-A
　　　　　　　　　　　　　　 §
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
　　　　　　　　　　　　　　 §
　　　　　Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

Before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Artis Leon Polk Jr., a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On November 8, 2013, in the 432nd Judicial District Court, Tarrant County, Texas, Case No. 1305834D, a jury found petitioner guilty on one count of murder with a deadly weapon, a firearm, and one count of felon in possession of a firearm, found the repeat-offender notice in the indictment true, and assessed his punishment at 99 years' and 20 years' confinement in TDCJ,

respectively. (Clerk's R. 125, doc. 9-15.) Petitioner appealed his convictions, but the Second District Court of Appeals of Texas affirmed the trial court's judgment of conviction by jury and, on December 16, 2015, the Texas Court of Criminal Appeals refused his petition for discretionary review. (Docket Sheet 1-2, doc. 9-2.) Thereafter, on July 27, 2016, petitioner filed a motion for DNA testing, which was denied on October 11, 2016. (Pet'r's Rebuttal 2, doc. 14.[1]) Finally, on November 18, 2016,[2] petitioner filed his first of two relevant postconviction state habeas-corpus applications, which was dismissed by the Texas Court of Criminal Appeals on May 31, 2017, for noncompliance with the state's form requirements under Texas Rule of Appellate Procedure 73.1. (SHR02[3] 56-62 & Action Taken, docs. 10-6 & 10-7.) The second was filed on June 2, 2017, which the Texas Court of Criminal Appeals denied on September 27, 2017, without written order on the findings of the trial court.[4] (SHR03 26, doc. 10-9.) Petitioner filed this federal habeas-corpus petition challenging

---

[1]Confirmation that petitioner, in fact, filed a motion for DNA testing and the relevant dates was made via email correspondence with the Tarrant County District Clerk's Office on this date.

[2]A pro se petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's applications do not provide those dates; thus, for purposes of this opinion, the applications are deemed filed on the dates they were signed by petitioner.

[3]"SHR02" refers to the record of petitioner's state habeas proceeding in WR-85,528-02; "SHR03" refers to the record of his state habeas proceeding in WR-85,528-03.

[4]The disposition of petitioner's second state habeas application is found on the Texas courts' website at www.txcourts.gov/CaseSearch.

his conviction on June 5, 2017.[5] (Pet. 10, doc. 1.)

## II. Issues

In his petition, petitioner raises twelve grounds for habeas relief. (Id. at 6-7 & Attach.) Respondent contends that the petition is untimely under the federal one-year statute of limitations. (Resp't's Answer 7-11, doc. 11.)

## III. Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate

---

[5]Similarly, a federal habeas petition filed by a prisoner is deemed filed when the petition is placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

> of the claim or claims presented could have been
> discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed
> application for State post-conviction or other
> collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted
> toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

With limited exceptions not applicable here, under subsection (A), the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, petitioner's judgment of conviction by jury became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court on March 15, 2016.[6] *See Jimenez v. Quarterman,* 565 U.S. 134, 119-20 (2009); Sup. Ct. R. 13. Thus, the limitations period commenced the next day and expired one year later on March 15, 2017, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory tolling provision in § 2244(d)(2) and/or as a matter of equity. Under the statutory provision, petitioner's postconviction motion for DNA testing tolled the limitations period for 77 days, making his federal petition due on or before

---

[6]The year 2016 was a leap year.

4

May 31, 2017.[7] *See Hudson v. Quarterman,* 508 f.3d 236, 239-40 (5th Cir. 2007). However, his first state habeas-corpus application dismissed for noncompliance with the state's form requirements was not properly filed for purposes of § 2244(d)(2) and did not operate to further toll the limitations period. *See Artuz v. Bennett,* 531 U.S. 4, 8 (2000); *Larry v. Dretke,* 361 F.3d 890, 895 (5th Cir. 2004). Nor did his second state habeas application, filed on June 2, 2017, after limitations had already expired, operate to further toll the limitations period. *Moore v. Cain,* 298 F.3d 361, 366-67 (5th Cir. 2002); *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Thus, the federal petition filed on June 5, 2017, is untimely unless petitioner is entitled to tolling as a matter of equity.

For equitable tolling to apply, a petitioner must show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented him from filing a timely petition or he can make a "convincing showing" that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013); *Holland v. Florida,* 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)). Petitioner makes no such

---

[7]There is no indication in the record of whether the motion for DNA testing was sent via the prison mailing system and, if so, the date the motion was placed in the prison mailing system or whether petitioner appealed the denial of the motion.

5

showing.

Petitioner asserts that he is entitled to the benefit of equitable tolling because, although diligently pursuing postconviction relief, he attempted, unsuccessfully, to obtain copies of transcripts and other state court records to assist in preparing his state habeas application and because his first state habeas application, pending for over six months, was dismissed in its entirety based merely on his attempt to supplement the application with additional grounds in contravention of the state's form requirements. (Pet'r's Rebuttal 2-4, doc. 14.) However, unfulfilled requests for records and unfamiliarity with the legal process and procedures are common problems for prisoners pursuing postconviction habeas relief and do not present exceptional circumstances or establish that a petitioner proceeded with due diligence. *See Johnson v. United States,* 544 U.S. 295, 311 (2005); *Felder v. Johnson,* 204 F.3d 168, 172 (5th Cir. 2000); *Roughley v. Cockrell,* 45 Fed. App'x 326, 2002 WL 1899622, at *1 (5th Cir. July 12, 2002); *Kiser v. Dretke,* No. 4:04-CV-494-Y, 2004 WL 2331592, at *2 (N.D.Tex. Oct. 15, 2004). Nor does petitioner present a credible claim of actual innocence based on reliable evidence not presented at trial. *See Calderon v. Thompson,* 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo,* 513 U.S. 298, 324 (1995)).

Accordingly, petitioner's federal petition was due on or

6

before May 31, 2017. His petition filed on June 5, 2017, is therefore untimely.

For the reasons discussed, it is ORDERED that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, DISMISSED as time-barred. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED September 7, 2018.

/s/ John McBryde
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE